UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Trustees of Sheet Metal Workers Local )
No. 1 Welfare Trust, )
               Plaintiff )
)
) Case No. 05-1216
)
Meyer Climate Control, Inc., )
               Defendant )

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court are the parties' cross motions for summary judgment. For the following reasons, the plaintiffs' motion [#12] is granted and the defendant's motion [#10] is denied.

**FACTS**

The parties have stipulated to most of the pertinent facts, as follows. (See Doc. #8). All or part of the transactions which are at issue in this matter occurred in the County of Peoria in the State of Illinois.

Plaintiffs are Trustees of a Trust Fund (the "Fund") created pursuant to an August 31, 1961 Agreement and Declaration of Trust entered into by the Central Illinois Chapter of Sheet Metal and Air Conditioning Contractors National Association ("SMACNA") and the Sheet Metal Workers International Association Local No. 1 ("the Union"). A Supplementary Agreement dated July 31, 1985, restates and amends the 1961 Agreement in its entirety.

The Fund is an employee welfare benefit plan as defined by ERISA, 29 U.S.C. § 1002(1)(A).

Meyer Climate Control, Inc. ("Meyer") is an Illinois corporation with its principal place of business in Peoria County. James E. Brown and Frank R. Meyer originally incorporated Meyer on or about September 25, 1990; each was a 50% owner of the company. Kevin S. Brown is the son of James E. Brown. Although defendant asserts that Kevin became a 50% owner on June 30, 2004, there is no documentary support of that assertion, and Plaintiff therefore disputes the assertion.

Defendant, through one of its officers, agreed to the terms of a "Standard Form of Union Agreement" with the Union on September 14, 1990 (the "1990 Agreement"). Under Article XIII, Section 5 of the 1990 Agreement, the Defendant authorized the Central Illinois Chapter of SMACNA, Inc. ("SMACNA") to act as its collective bargaining representative for all matters relating to the 1990 Agreement. In that same section, Defendant also agreed (with immaterial contingencies) that it would be a member of the multi-employer bargaining unit represented by SMACNA. After the 1990 Agreement, SMACNA and the Union entered into successive Agreements in 1992, 1997 and 2002. There is a Contract Addendum 2002-2007 which provides that "[f]or each hour worked by a journeyman and apprentice employee covered by the Agreement, the employer of each employee shall pay" the agreed amount to the Fund. A similar requirement exists in the 2002 Agreement, Section 5, requiring payment to the Plaintiffs' Health and Welfare Supplement Fund based on each hour of work by a journeyman and apprentice employee.

Defendant made welfare benefit contributions to the Fund on behalf of its covered employees to and through June of 2004. Defendant has made no contributions to the Fund

for any period after June 30, 2004. Defendant has not filed any monthly reports with the Plaintiff Fund since July of 2004. After June 30, 2004, the only person performing any work for Defendant was Kevin Brown.

Defendant submitted to a review of its books and records by Gordon, Stockman and Waugh, P. C., Plaintiffs' accountants (the "Auditor"). The Auditor delivered its "Agreed Upon Procedures Report of Trust Contributions of Meyer Climate Control, Inc." for the period July 1, 2004 through December 31, 2005 (the "Report")[1] on June 19, 2006. The parties agree that the Report accurately states the rates at which persons or entities bound by the 1990 and subsequent Agreements are required to contribute to the Fund.

## DISCUSSION

Plaintiffs bring this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq, against Meyer Climate Control Inc., seeking to recover contributions allegedly due, under the provisions of the collective bargaining agreements and participation agreements entered into by Meyer, on the basis of hours worked by Kevin Brown[2] after June 30, 2004. The Plaintiffs maintain that Brown was an employee doing covered work, while Defendant argues that Brown was an owner as of July 1, 2004, not an employee, and therefore did not trigger any obligation to contribute to the Fund. In the alternative, the Fund argues that even if Brown was an employee, he did not perform the amount of covered work claimed by the Plaintiffs, while Defendant argues in the alternative

---

[1] Plaintiff makes no claim to entitlement to payment based on the work records of any other employee whose time is detailed in the Report.

[2] Originally Plaintiff sought contributions based on hours worked by other employees. That claim is no longer before the Court.

that it was statutorily exempt for contributing on Kevin Brown's behalf because he is the child of an owner.

Kevin S. Brown is the natural born son of James Brown, one of the original founders of the company. During the relevant time period, Kevin was the only person who did any work on behalf of the defendant company. Defendant contends in its motion for summary judgment that Kevin Brown became a fifty per cent owner of Defendant in July 2004 and therefore that no contributions were required for him from Defendant thereafter. There is, however, no documentary support of that assertion, and Plaintiff disputes it. Summary judgment cannot be granted for Defendant on that basis.

Defendant argues that, even if Kevin Brown was not an owner, he was an individual employed by a parent and was therefore not an "employee" under the LMRA, 29 U.S.C. § 152(3), which excludes from the definition of "employee" "any individual employed by his parent."[3] Since he was not an employee, defendant asserts that Kevin was precluded by law - LMRA 29 U.S.C. § 186(a) - from participating as a beneficiary of the trust funds; as a result, contributions on his behalf would also be contrary to law. Section 186 of the LMRA makes it unlawful for an employer to pay to a union (or for the union to accept from the employer) anything of value, except (as relevant here) contributions to trust funds established for the benefit of employees. Id.

Assuming Kevin was not an owner but an employee, he was not employed by his parent; he was employed by the corporate Defendant. That distinction has been noted by the Seventh Circuit, NLRB v. Caravelle Wood Products Inc., 466 F.2d 675 (7th Cir. 1972),

---

[3] The definition of "employee" found in ERISA is different. It provides that "employee" means "any individual employed by an employer." 29 U.S.C. § 1002(6)

albeit in the context of determining the entitlement of the son of a shareholder to membership in a bargaining unit. See also, Smith v. Retirement Fund Trust, 857 F.2d 587, 590-91 (9th Cir. 1988)(entitlement to benefits in retirement fund); Linn Gear Co. v. NLRB, 608 F.2d 791 (9th Cir. 1979)(entitlement to vote in union election). In Smith, supra, the 9th Circuit adopted the reasoning of the Seventh Circuit in Caravelle, instructing that certain factors should be considered in determining whether the son of a shareholder should be considered an employee: percentage of stock owned by the parent; number of related shareholders; degree of involvement in management; ratio of related employees to non-related employees; living arrangements; and dependence.

The stipulations of the parties show that Kevin Brown is the son of a 50% owner and that he was the only person to perform work for the company during the period of time in dispute. But there are no stipulations as to the other factors. We do not know, for example, the degree of involvement in management; whether the other 50% owner is related; or the age, living arrangements and dependence of Kevin vis-a-vis his father. In other words, determining whether Kevin was an "employee" for purposes of the LMRA is not a question that can be resolved on the record before this Court.

Finally, Plaintiff assert that it is irrelevant whether Kevin was an employee, because under the 2002 CBA, Defendant was obligated to make contributions to the fund at a minimum level, even if no employee performed covered work. Plaintiffs rely on ¶ 2(c) of the CBA (Exh.6, p.18), which provides:

> a contractor must: ... (c) employ one (1) journeyman sheet metal worker who is not a major shareholder, owner, husband, wife or child of the contractor for the major part of a year, or pay a minimum of forty (40) hours per week on all wages and benefits for all persons mentioned in this section performing work under this Agreement for fifty-two (52) weeks per year.

In <u>Illinois Conference of Teamsters and Employers Welfare Fund v. Mrowicki</u>, 44 F.3d 451, 458 (7th Cir. 1995), the Court of Appeals considered a provision that required contributions to a fund on the basis of hours worked by "each employee covered by this Agreement." There, the Participation Agreement provided that the employer was required to contribute to the Fund "for each employee covered by said agreement" on the basis of hours worked "by each employee covered by this Agreement." The Fund was seeking contributions based on hours worked by persons who were not beneficiaries of the Fund (they were owner-operators of trucks), and the employer made the same argument that Meyer makes here: employers can only contribute to the funds based on hours worked by employees who benefit from the funds.

That argument was rejected by the Seventh Circuit, which found that the owner-operators "had the status of 'employees' under the terms of those agreements." <u>Id.</u> at 458. The Court held that a collective bargaining agreement that obligated an employer to contribute to a Fund on the basis of hours worked by some person other than an employee did not violate the LMRA as long as the Fund's benefits were payable only to actual employees. 44 F.3d at 461. The <u>Mrowicki</u> Court relied on <u>Walsh v. Schlecht</u>, 429 U.S. 401, 407-10 (1977), in which the contributions were based on hours worked by employees of the employer's subcontractor.

Defendant distinguishes the contract language in <u>Mrowicki</u> from the language that appears in the CBA in this case. The basis of the distinction is the phrase "for all persons mentioned in this section performing work under this Agreement." According to defendant, the word "for" in that phrase indicates that the contributions must be "for" the benefit of or

6

on behalf of persons performing covered work. In other words, unless those "persons" are Fund beneficiaries, contributions to the Fund would violate § 186 of LMRA.

The distinction is one without a difference. There is no question that the benefits paid by the Fund are payable only to employees, and the question of whether Kevin Brown was an employee is irrelevant to the analysis. That the CBA requires contributions under the circumstances presented here - namely, based on some basis other than actual hours worked by an employee of the employer - no more violates LMRA than did the CBA in Mrowicki or Walsh.

The other cases on which defendant relies - Trustees of Resilient Floor Decorators Ins. v. A&M Installations, 244 F. Supp.2d 791 (E.D.Mich. 2003); and Joint Council of Teamsters No. 42 v. Associated General Contractors of California, Inc., 520 F. Supp. 3, 4 (C.D.Cal.1980) - add nothing to the analysis. In Resilient Floor, the court held that an employer need not make contributions to the Fund for independent contractors, while in Associated General Contractors, the Court simply found that owner- operators were not "employees" under LMRA and therefore could not be beneficiaries of an employer-financed trust fund. Neither case held that contributions could only be compelled based on hours worked by beneficiaries of a trust fund.

Accordingly, I conclude that the Plaintiff's motion for summary judgment on this issue is granted, and the Defendant's motion is denied. Defendant is obligated to contribute to the Plaintiff's Trust Fund on the basis of the "one full-time journeyman's wages" covenant. This finding negates any obligation to determine how many of Kevin Brown's hours were "covered work" under the CBA and related agreements.

Based upon the parties' stipulations, as shown in the Exhibits to the motions, the amount of one full-time journeyman's wages is $18,322.29.  Also pursuant to statute, the Trust Agreement and the Exhibits, plaintiff is entitled to fees and costs, which total $5,947.50.

## CONCLUSION

For the reasons stated herein, the Plaintiff's motion for summary judgment [#12] is granted and judgment is entered in favor of Plaintiff and against Defendant in the amount of $18,322.29 plus fees and costs in the amount of $5,947.50, for a total of $24,269.79. The Defendant's motion [#10] is denied in its entirety.

ENTER this 8th day of December 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE